

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**STEPHANIE M. VILELLA ALONSO**
Assistant Corporation Counsel
Phone: (212) 356-2318
Fax: (212) 356-3559
svilella@law.nyc.gov

April 24, 2020

**VIA ECF**
Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

       Re:    <u>Efrem Jones v. Captain Guerra, et al.</u>, 18-CV-12196 (MKV) (GWG)

Your Honor:

       I am an Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, representing defendants City of New York, Commissioner Brann, Warden Smalls, Captain Guerra, and Officer Ali in the above-referenced matter. Defendants write respectfully to request a ninety-day extension of fact discovery in light of the recent developments surrounding the COVID-19 pandemic.[1] Plaintiff consents to this request. This is the second request for a discovery extension in this matter.[2]

       As the Court is aware, the country is currently grappling with the COVID-19, or coronavirus, pandemic. On March 7, 2020, Governor Andrew Cuomo declared that New York is in a state of emergency because of the rapidly developing pandemic situation. On March 13, 2020, Mayor Bill de Blasio followed suit, and declared New York City to be in a state of emergency as well. That same day, the United States District Court for the Southern District of New York ("Southern District") issued Standing Order 20 MISC 138, which encouraged individual judges to conduct court proceedings by phone and video conferencing where practicable. Also on March 13, 2020, the Southern District issued Standing Order 20 MISC 015, which suspended and tolled service of process requirements and deadlines. On March 16, 2020, the Southern District further issued a Revised Standing Order that further limited access to courthouses.

---

[1] As this Office previously informed the Court, this Office will not be undertaking representation of Officer Davis. (See ECF No. 66) Accordingly, this request is not made on his behalf. Notwithstanding, defendants respectfully request that the Court *sua sponte* grant this extension as to Officer Davis as well.

[2] The parties previously submitted a Proposed Discovery Stipulation and Proposed Order, which the Court endorsed on March 26, 2020. (See ECF No. 67)

Thereafter, on March 20, 2020, Governor Andrew Cuomo issued an executive order mandating that all non-essential businesses in New York State close, and that New York residents stay inside their homes unless participating in an essential activity. Also on March 20, 2020, the Southern District issued a memorandum to the Bar that set forth additional emergency protocols, including limitations on courtroom use and operations for both criminal and civil matters. To comply with Governor Cuomo's latest executive order, and in light of pronouncements from other governmental and judicial officials, expert recommendations, and the further spread of COVID-19, the New York City Law Department is requiring that the vast majority of its employees work from home.

Turning to the present case, the parties are currently engaging in written discovery. Our Office is still waiting for additional documentation from our client, and defendants anticipate requesting additional medical releases from plaintiff. On March 3, 2020, plaintiff filed his First Amended Complaint and added the City of New York and Correction Officer Davis as defendants in this matter. (See ECF No. 55) On March 13, 2020, the named defendants represented by this Office filed their Answer to the Amended Complaint. (See ECF No. 64) The current medical emergency, however, caused a delay in regards to service of process of the Amended Complaint. According to the civil docket report, Correction Officer Davis was served on April 20, 2020.[3] (See ECF No. 68)

Given the current medical emergency, the parties believe that a 90-day extension is warranted at this time. Working from home creates accessibility problems in regards to documents and files. Although some documents can be easily accessed remotely by electronic means, many documents cannot be so accessed, because of variables such as format or size. This inaccessibility prevents defendants from having all the information necessary to, *inter alia*, fully assess cases, and otherwise conduct regular business. Defendants must regularly communicate and coordinate with DOC, and DOC is facing these same communication and access challenges as it pursues compliance with Governor Cuomo's executive order and seeks to protect the health and safety of the individuals in their organization. Therefore, defendants' ability to obtain documents from their clients, who are focused on the safety of inmates and staff in their custody, is incredibly limited.

---

[3] Of course, the parties have yet to engage in written discovery with Officer Davis. His Answer to the First Amended Complaint is currently due by May 8, 2020. (See ECF No. 66)

In light of the parties' request for a fact discovery extension, the parties propose that that the Court adopt the following schedule:

|  | **Current Discovery and Motion Practice Deadlines** (See ECF No. 67) | **Proposed Deadline** |
|---|---|---|
| Fact Discovery Deadline | July 1, 2020 | October 1, 2020 |
| Defendants' Motion for Summary Judgment | August 13, 2020 | November 13, 2020 |
| Deadline for Monell Discovery | Within five months after the resolution of defendants' motion for summary judgment. | Within five months after the resolution of defendants' motion for summary judgment. |

For the reasons set forth above, this Office respectfully requests that the Court grant a 90-day discovery extension in light of the developing situation surrounding COVID-19. This will give the parties time and opportunity needed to adjust to these new circumstances.

Thank you for your consideration herein.

Respectfully submitted,

Stephanie Michelle Vilella Alonso
*Assistant Corporation Counsel*

cc: **BY ECF**
Joseph Christopher Akalski
Baker Botts L.L.P.
*Attorney for Plaintiff*